STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Hartland Group, LLC | } | Docket No. 120-6-05 Vtec |
| (Bjerke, et al., Appellants) | } | |
| (re: proposal on North Avenue, Burlington) | } | |
| | } | |

<u>Entry Order on Motion for Stay and Enlargement of Time; Amended Scheduling Order</u>

Appellants appealed from a decision of the Development Review Board (DRB) of the City of Burlington granting Appellee-Applicant Hartland Group, LLC's application for approval of a project including residences, associated parking spaces in a garage, and a café, involving an existing building at 237 North Avenue in Burlington.  Appellants are represented by Alan A. Bjerke, Esq.; Appellee-Applicant Hartland Group, LLC is represented by Ronald A. Shems, Esq.; and the City of Burlington is represented by Kimberlee J. Sturtevant, Esq.

A series of scheduling orders, most recently amended on November 16, 2005, govern the presentation of certain issues by motion, prior to the trial, which was scheduled to be held on January 12, 2006, January 19, 2006, January 20, 2006, and to continue, if necessary, on January 27, 2006, at the Costello Courthouse on Cherry Street in Burlington.

Appellee-Applicant today has moved to stay this matter (place it on inactive status) pending Appellee-Applicant's application for a state land use (Act 250) permit for the same project, and has also moved to postpone the filing of the motion memoranda due today to ten days after the Court's ruling on the motion for stay, if it were to be denied. The City does not oppose the motion. Appellants oppose the motion on the basis that putting the municipal appeal on hold pending the Act 250 proceedings will "unnecessarily cause them to incur substantial additional expense." In making this argument, Appellants appear to assume that granting the motion would automatically result in postponement of the pending motions, as well as the hearing on the merits of the appeal now scheduled for January of 2006.

Appellee-Applicant's request to put this appeal on inactive status, pending filing and consideration of Appellee-Applicant's application for an Act 250 permit from the District Environmental Commission, is GRANTED, except as limited below.

As we explained in Appeal of Rivers Development, LLC, Docket No. 7-1-05 Vtec (Vt. Envtl. Ct., April 8, 2005), the Environmental Court is directed to consolidate and coordinate proceedings to "promote expeditious and fair proceedings and avoid unnecessary costs or delay." V.R.E.C.P. 2(b) and 10 V.S.A. §8504(g). If we were to proceed with the scheduled four days of hearing on the merits of this appeal while the Act

250 application is pending at the District Commission, the parties to this appeal would have to present substantially the same evidence, including any reports and testimony of expert witnesses, three separate times: once in the DRB appeal to this Court, once at the District Commission, and then a third time at this Court, as we may assume that the District Commission decision is also likely to be appealed.

Not only would these three separate hearings cause increased costs for the parties, but such a procedure would double the Court's costs, by requiring this Court to hold two successive repetitive hearings, rather than to hold a single consolidated hearing. Further, it would not accelerate the ultimate resolution of these appeals. They would not reach this Court or the Vermont Supreme Court, or be concluded in either court, any earlier than if they were left to proceed separately. We should avoid these additional costs and potential for delay if at all possible.

On the other hand, the issues raised by the pending motions for summary judgment relate only to the municipal appeal, and must be resolved in advance of any hearing on the merits of the proposal, regardless of what happens in the Act 250 proceedings. If the summary judgment issues are resolved any differently from the position of Appellee-Applicant, the Court's ruling may result in Appellee-Applicant's redesign of some aspect of the application (or an interlocutory appeal to the Supreme Court), which may affect not only the project before the Court in the municipal appeal, but also the project before the

District Commission in the Act 250 application.

Therefore, the Court will proceed to rule on the motions for summary judgment, and will otherwise place the above-captioned appeal on inactive status pending the completion of the merits of the Act 250 application. Any memoranda on the motions for summary judgment that were due today may be filed so that they are received at the Court on or before December 8, 2005. The January 2006 hearing on the merits of this appeal is hereby cancelled, and will be rescheduled as appropriate after the conference to be held pursuant to the following paragraph.

Appellee-Applicant shall report in writing as to the date the Act 250 application is or was filed, and shall report in writing when it is set for hearing by the District Commission, when the hearings have been completed, and as soon as the District Commission has issued its decision. We will schedule a conference soon after Appellee-Applicant notifies the Court of the issuance of the District Commission decision, to discuss the relationship between and the appropriate scheduling of the related appeals under V.R.E.C.P. 2(b) and 10 V.S.A. §8504(g).

Appellee-Applicant's motion to strike filings made to date by Attorney Bjerke is DENIED. Appellee-Applicant's motion to disqualify Attorney Bjerke is POSTPONED until after this Court's rulings on the legal issues now at issue in the motions for summary judgment; Attorney Bjerke may file a response within ten days after receipt of the Court's rulings on the pending motions for summary judgment. If other counsel enters an appearance prior to that time, either for all the Appellants or for the other unrelated appellants, we will enter the motion to disqualify as having become moot.

The conference now scheduled for December 22, 2005, remains scheduled. The parties should be prepared to address any issues relating to the appropriate sequencing of pretrial or prehearing issues in the two proceedings, including whether any discovery already scheduled in the municipal appeal should proceed as scheduled or be modified or postponed.

Done at Berlin, Vermont, this 28th day of November, 2005.

_____

Merideth Wright

Environmental  Judge